## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DEBRA KAY LEE**                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.:** 1:22cv239 TBM-RPM

**UNITED STATES OF AMERICA**                                          **DEFENDANTS**

### COMPLAINT

COMES NOW the Plaintiff DEBRA KAY LEE, Individually, by and through

undersigned counsel, and files this Complaint against Defendant UNITED STATES OF

AMERICA and in support thereof would show unto the Court the following:

### PARTIES

1.      Plaintiff Debra Kay Lee is an adult resident citizen of Mobile County,

Alabama.

2.      Defendant UNITED STATES OF AMERICA is a governmental entity which

at all relevant times operated Biloxi VA Medical Center at 400 Veterans Avenue, Biloxi,

Mississippi 39531.

### VENUE AND JURISDICTION

3.      Jurisdiction arises for the Complaint under 28 U.S.C. § 1331, as all claims

against the Defendant are pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, *et

al*. Venue is proper in this jurisdiction as the Veterans Administration Biloxi is located

within the territorial limits of this judicial district and division.

4.      This Complaint is timely filed against the Defendant and appropriate

Notice was provided to the Defendant on January 27, 2021 and received on January 28,

1

2021. See Exhibit "A." To date, Defendant VA has not denied Plaintiff's claim and Plaintiff therefore deems it denied pursuant to 28 U.S.C. § 2675 (a).

## FACTS AND ALLEGATIONS

5.     On or about February 11, 2019, Latonya Moore was operating a vehicle owned by the Defendant. Latonya Moore was an employee of the Biloxi VA Medical Center which is owned and operated by the United States of America. At all times relevant, Latonya Moore was acting in the course and scope of her employment with the Defendant, making the Defendant vicariously liable for her actions and inactions.

6.     The Defendant Driver was travelling east on Interstate 10, near Rangeline Road, Mobile, AL.

7.     Plaintiff was in the same location, moving in the same direction and operating her vehicle in a safe and prudent manner.

8.     The Defendant proceeded to recklessly change lanes and collided with the rear end of Plaintiff's vehicle, causing Plaintiff to lose control of her vehicle, collide into a concrete barrier and come to a stop in the ditch.

9.     The Defendant was negligent in the operation and control of the vehicle and was in violation of traffic laws in effect at the time of the accident complained of herein.

10.     The negligence of the Defendant is defined particularly but not limited to the following:

a.     Making unsafe lane change;

b.     Failure to maintain a proper lookout;

c.     Failure to keep vehicle under proper control;

2

d.    Failure to drive in a prudent and careful manner under the conditions as then and there existed;

e.    Failure to observe that which she should have observed while operating a vehicle;

f.    Failure to follow and abide by the laws of the State of Alabama for the operation of a motor vehicle;

g.    Failure to yield right-of-way;

h.    Failure to keep a proper distance;

i.    Driving at a speed too fast for the conditions;

j.    Negligent entrust of a vehicle;

k.    Negligent maintenance of vehicle operated by Latonya Moore;

l.    Negligent training and supervision of the driver;

m.    Failure to implement safe policies and procedures;

n.    Violation of applicable industry and government laws, rules and regulations;

o.    Other acts of negligence which are the cause or contributing cause of the accident sued upon and will be shown at the trial of this matter.

## PRAYER FOR RELIEF

11.    As a direct and proximate result of the above-described negligence by the Defendants and the resulting injuries, Plaintiff seeks recovery for any and all available damages available to Plaintiff, including but not limited to the following:

a.    Plaintiff's past medical expenses;

b.    Plaintiff's future medical expenses;

3

    c.      Plaintiff's pain and suffering;

    d.      Past and future loss of wages and wage earning capacity;

    e.      Emotional distress and loss of enjoyment of life;

    f.      Permanent impairment and disability;

    g.      Disfigurement;

    h.      Pre- and post-judgment interest as allowed by law;

    i.      Attorneys' fees, costs, and expenses as allowed by law; and

    j.      Such other damages as may be show at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court award Plaintiff damages against the Defendants as set forth herein in an amount that is just and equitable, such amount being in excess of the jurisdictional limits of this Court. Plaintiff requests such other and further relief as allowed by law.

RESPECTFULLY SUBMITTED this the 8th day of September 2022.

**DEBRA KAY LEE**

By:    */s/ Jim Reeves*
        Jim Reeves (MSB #9519)

James R. Reeves, Jr., Esquire
Reeves and Mestayer, PLLC
160 Main Street
Biloxi, MS   39530
(228) 374-5151 (telephone)
(228) 374-6630 (facsimile)
jrr@rmlawcall.com
ATTORNEYS FOR PLAINTIFF